# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH ROSEEN TURNER,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO HOUSING AUTHORITY,<br><br>Defendant. | Case No. 1:25-cv-02033-SAB<br><br>ORDER SCREENING COMPLAINT AND GRANTING LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Leah Roseen Turner, who is proceeding *pro se* and *in forma pauperis*, filed a complaint against Fresno Housing Authority. (ECF No. 1.) The Court previously granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 7.) The Court now undertakes screening of the complaint.

### I.

### SCREENING REQUIREMENT

The *in forma pauperis* statute provides that a court shall dismiss a case if, *inter alia*, the complaint is "frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the

plaintiff.  See id. at 326-27.

Pleadings by *pro se* litigants are liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment.  Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.**

**COMPLAINT ALLEGATIONS**

Plaintiff brings this action against Fresno Housing Authority and has indicated that the basis for subject-matter jurisdiction is federal question.  (ECF No. 1, p. 3.)  In her complaint, Plaintiff alleges claims arising under the Fair Housing Act, 42 U.S.C. § 3604; Violence Against Women Act, 34 U.S.C. § 12491; and Section 1983, 42 U.S.C. § 1983.  (Id. at p. 5.)

Plaintiff factual allegations are as follows:

> I Leah Roseen Turner, a participant in HCVP claim that the Defendant discriminated and retaliated against me on the basis of sex for reporting sexual assault violating VAWA and continued to conduct unlawful retaliation for my protected activities, Defendant failed to provide fair procedures before decreasing voucher, then questioned Plaintiff's employer actions outside the agencies lawful duties causing housing instability and employment harm.

(Id.)  For relief, Plaintiff states that she is seeking "restoration of full housing voucher benefits; or possible agency transfer, compensation for full economic loss and emotional distress [,] injunctive relief prohibiting further retaliation or employment interference court fee's [sic] and retrobution for [sic]."  (Id. at p. 6.)

# III.

# DISCUSSION

Federal Rule of Civil Procedure ("Rule") 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." Id. Such notice pleading is required in federal court in order to "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal citations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. This is because, while factual allegations are accepted as true, legal conclusions are not. Id. Additionally, in the event of multiple claims, each claim should be stated separately and identify the specific facts that support that claim. See Fed. R. Civ. P. 10(b); see also Hughey v. Camacho, No. 2:13-cv-2665-TLN-AC, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014) (noting a shotgun pleading occurs when "one party pleads multiple claims and does not identify which specific facts are allocated to which claim.")

Here, Plaintiff provides no factual allegations describing the conduct underlying her claims. While Plaintiff raises three causes of action, the complaint does not identify specific facts to support the elements of each of the claims asserted. Without such factual allegations, the complaint is conclusory and does not comply with Rule 8. The Court will grant Plaintiff leave to file an amended complaint so that she may provide additional factual details sufficient to state a cognizable claim. Should Plaintiff choose to amend her complaint, she must separately state each cause of action; identify which Defendant she believes is liable for that cause of action; and include specific factual allegations showing how the identified Defendant's conduct satisfies the elements of the claim asserted.

/ / /

/ / /

/ / /

3

**IV.**

**CONCLUSION AND ORDER**

Based on the foregoing, Plaintiff's complaint fails to state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to amend the complaint to cure the above identified deficiencies to the extent Plaintiff is able to do so in good faith.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

If Plaintiff chooses to file an amended complaint, it must comply with Rule 8 of the Federal Rules of Civil Procedure.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint.

Plaintiff is advised that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     The Clerk of the Court shall send Plaintiff a complaint for civil case form;

2.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order;

3.     The amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

/ / /

/ / /

/ / /

/ / /

/ / /

4

4.    If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:    **March 19, 2026**

STANLEY A. BOONE
United States Magistrate Judge

5