# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH ROSEEN TURNER, | Case No. 1:25-cv-02033-KES-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION |
| v. | |
| FRESNO HOUSING AUTHORITY, | (ECF No. 8) |
| Defendant. | **OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Leah Roseen Turner ("Plaintiff"), who is proceeding *pro se* filed this action on December 29, 2026. (ECF No. 1.) As relevant here, on March 20, 2026, the Court screened the complaint and found that it failed to state a claim upon which relief may be granted. (ECF No. 8.) The Court gave Plaintiff thirty-days to file an amended complaint to cure the identified deficiencies. (Id.) In its order, Plaintiff was advised that, "[i]f Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the District Judge that this action be dismissed consistent with the reasons stated in this order." (Id.) The deadline for Plaintiff to file an amended complaint has now passed, and thus, the Court will recommend that this matter be dismissed for failure to prosecute and failure to comply with a court order.

/ / /

/ / /

/ / /

1

# I.

## SCREENING REQUIREMENT

The *in forma pauperis* statute provides that a court shall dismiss a case if, *inter alia*, the complaint is "frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In determining whether a complaint fails to state a claim, a court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detail factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

A *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

# II.

## COMPLAINT ALLEGATIONS

Plaintiff brings this action against Fresno Housing Authority and has indicated that the basis for subject-matter jurisdiction is federal question. (ECF No. 1, p. 3.) In her complaint, Plaintiff alleges claims arising under the Fair Housing Act, 42 U.S.C. § 3604; Violence Against Women Act, 34 U.S.C. § 12491; and Section 1983, 42 U.S.C. § 1983. (Id. at p. 5.)

Plaintiff factual allegations are as follows:

> I Leah Roseen Turner, a participant in HCVP claim that the Defendant discriminated and retaliated against me on the basis of sex for reporting sexual assault violating VAWA and continued to conduct unlawful retaliation for my protected activities, Defendant failed to provide fair procedures before decreasing voucher, then questioned Plaintiff's employer actions outside the agencies lawful duties causing housing instability and employment harm.

(Id.)  For relief, Plaintiff states that she is seeking "restoration of full housing voucher benefits; or possible agency transfer, compensation for full economic loss and emotional distress [,] injunctive relief prohibiting further retaliation or employment interference court fee's [sic] and retrobution for [sic]."  (Id. at p. 6.)

## III.

## DISCUSSION

Federal Rule of Civil Procedure ("Rule") 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery."  Id.  Such notice pleading is required in federal court in order to "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests."  Twombly, 550 U.S. at 555 (internal citations omitted).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  This is because, while factual allegations are accepted as true, legal conclusions are not. Id.  Additionally, in the event of multiple claims, each claim should be stated separately and identify the specific facts that support that claim.  See Fed. R. Civ. P. 10(b); see also Hughey v. Camacho, No. 2:13-cv-2665-TLN-AC, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014) (noting a shotgun pleading occurs when "one party pleads multiple claims and does not identify which specific facts are allocated to which claim.")

The Court reiterates that Plaintiff provides no factual allegations describing the conduct underlying her claims.  Rather than clearly setting forth the who, what, when, where, and why of the alleged misconduct, Plaintiff offers a series of unsupported and conclusory statements.

Although Plaintiff asserts three causes of action, the complaint fails to identify specific facts supporting the elements of any of those claims or to meaningfully connect the allegations to a cognizable legal theory.  While the Court must construe *pro se* pleadings liberally and draw all reasonable inferences in Plaintiff's favor, it cannot construct a claim where none has been plausibly alleged, and without sufficient factual allegations, the complaint fails to state a claim upon which relief may be granted.

## IV.

### FAILURE TO PROSECUTE

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles Cty., 216 F.3d 837, 841 (9th Cir. 2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423).  These factors guide a court in deciding

what to do and are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Upon review of the above-stated factors, the Court finds dismissal of the action is warranted.  The expeditious resolution of litigation is deemed to be in the public interest.  Yourish v. California Amplifer, 1911 F.3d 983, 990-91 (9th Cir. 1999).  Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated.  Plaintiff's failure to respond to the Court's March 20, 2026 order hinders the Court's ability to move this action towards disposition and indicates that Plaintiff does not intend to diligently litigate this action.  This lack of diligence results in delay, which inherently risks that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor.  See Sibron v. New York, 392 U.S. 40, 57 (1968).  Although the public policy favoring disposition on the merits weighs against dismissal, it is outweighed by the other factors.  Finally, the Court will recommend dismissal without prejudice, which addresses the fifth factor.

## V.

### CONCLUSION AND RECOMMENDATION

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED without prejudice, for Plaintiff's failure to abide by the Court's order and for failure to prosecute.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will review the undersigned's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the

///

///

///

waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 24, 2026**

STANLEY A. BOONE
United States Magistrate Judge